Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
140 New Montgomery Street, 10th Floor
San Francisco, CA 94105-2997
Tel.:   415.616.1100
Fax:   415.616.1199
Email: daniel.laguardia@shearman.com

Adam Hakki (*pro hac vice* forthcoming)
Daniel Lewis (*pro hac vice* forthcoming)
Joshua Ebersole (*pro hac vice* forthcoming)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Tel.:   212.848.4000
Fax:   212.848.7179
Email: adam.hakki@shearman.com
         daniel.lewis@shearman.com
         joshua.ebersole@shearman.com

*Attorneys for Defendant*
*Morgan Stanley & Co. LLC*

*Attorneys for additional removing*
*Defendants listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN ROSSI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY DECHELLIS, CHRISTOPHER COOPER, and MORGAN STANLEY & CO. LLC,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[Removed from Santa Clara Superior Court, Case No. TC24-381] |

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Anthony DeChellis ("DeChellis"), Christopher Cooper ("Cooper"), and Morgan Stanley & Co. LLC ("Morgan Stanley" and, together with DeChellis and Cooper, "Defendants") hereby remove Case No. 24CV431200, currently pending in the Superior Court of the State of California, County of Santa Clara, and all claims and causes of action therein (the "Action"), to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). As grounds for removal, the Defendants state as follows:

**JURISDICTION**

1. This Action may be removed under 28 U.S.C. § 1452(a) because, for the reasons set forth herein, it is "related to" a pending case under Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b).

2. This Court is part of the "district and division" embracing the place where this Action was filed—in San Jose, in Santa Clara County, California. *See* 28 U.S.C. § 84(a); Fed. R. Bankr. P. 9027(a).

**PROCEDURAL HISTORY**

3. On March 17, 2023, SVB Financial Group ("SVBFG") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Petition"). A copy of the Petition is attached hereto as Exhibit 1.

4. On February 15, 2024, plaintiff Stephen Rossi, individually and on behalf of all others similarly situated ("Plaintiff"), commenced the Action entitled *Rossi v. DeChellis, et al.* in the Superior Court of the State of California, County of Santa Clara, by filing a complaint which named as defendants Anthony DeChellis, Christopher Cooper, and Morgan Stanley & Co., LLC (the "Complaint" or "Compl."). A copy of the Complaint is attached hereto as Exhibit 2.

5. Defendants were each served with a copy of the Complaint on February 28 and February 29, 2024. Copies of the proofs of service are attached hereto as Exhibit 3.

6. The Complaint relates to the amended registration statement that SVBFG filed with the U.S. Securities and Exchange Commission (the "SEC") on March 16, 2021, which the SEC declared effective on March 17, 2021 (as well as a draft of the registration statement that SVBFG filed with the SEC on Form S-4 on February 11, 2021), and the prospectus that SVBFG filed on Form 424B3 on March 18, 2021 (collectively, the "Offering Materials"), in connection with a stock-for-stock exchange through which SVBFG acquired and merged with Boston Private Financial Holdings, Inc ("Boston Private" and, as to the transaction, the "Merger"). Compl. ¶¶ 1, 35-38.[1]

7. Pursuant to the Merger, each shareholder of Boston Private stock had the right to receive $2.10 in cash and 0.0228 shares of SVBFG common stock per share of Boston Private stock. Compl. ¶ 3. The SVBFG stock is herein referred to as the "Security."

8. The Complaint alleges that former Boston Private shareholders received approximately 1.9 million shares of the Security pursuant to the Offering Materials and that those materials contained false and misleading statements of material fact, and omitted material facts that were both required by governing regulations and necessary to make the statements not misleading in violation of Sections 11, 12, and 15 of the Securities Act of 1933. Compl. ¶¶ 3-4, 160-80.

9. To date, no discovery has been conducted in connection with the Action.

10. Defendants' time to answer or otherwise respond to the Complaint has not expired, and Defendants have not pleaded, answered, or otherwise generally appeared in the Action.

11. There are no motions or other proceedings currently pending in the Action.

**TIMELINESS OF REMOVAL**

12. On March 17, 2023, SVBFG filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. *See In re SVB Financial Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y., filed Mar. 17, 2023) (the "SVBFG Bankruptcy Case"). As discussed in paragraphs 15-24, each of the

---

[1] The Complaint incorrectly names "Boston Private Bank & Trust Company" as the party to the Merger. *See, e.g.*, Compl. at p. 1.

2
DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

claims asserted in the Action is "related to" the SVBFG Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b).  This Court accordingly has original jurisdiction over the Action, thus providing a basis for removal under 28 U.S.C. § 1452(a).

13. Removal of this Action is timely under Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Rule 9027"), which provides that a civil action that is asserted after the bankruptcy case is commenced may be removed within 30 days after receipt, through service or otherwise, of a copy of the initial pleading in the civil action.  *See* Fed. R. Bankr. P. 9027(a)(3).  Because this Action was removed within 30 days of Defendants' receipt of a copy of the Complaint, *see* ¶ 5, *supra*, removal is timely under Rule 9027.

14. To the extent applicable, removal of this Action also is timely under 28 U.S.C. § 1446(b), which provides that a notice of removal of a civil action shall be filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(a)
("RELATED-TO" BANKRUPTCY JURISDICTION)**

15. Removal is proper under 28 U.S.C. §§ 1452(a) and 1334(b) because the Action is "related to" the SVBFG Bankruptcy Case.

16. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  In turn, 28 U.S.C. §1334(b) confers jurisdiction upon this Court of all civil proceedings that are "related to cases under" the Bankruptcy Code.  This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), and this Action may therefore be removed to this Court by Defendants pursuant to 28 U.S.C. § 1452(a) because the Action is "related to" the SVBFG Bankruptcy Case.

17. This Action is "related to" the SVBFG Bankruptcy Case because it could affect SVBFG's bankruptcy estate in multiple respects.  *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) (a civil action is "related to" a bankruptcy case if "*the*

3

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

*outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*" (emphasis in original) (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988)); *Lone Star Fund V (US), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010) ("Federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'" (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007))); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995) ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth.").

18. Here, findings of fact or judgments in favor of or against any of the Defendants in this Action could impact SVBFG's rights and liabilities and, thus, affect its bankruptcy estate. As explained below, each of the Defendants is entitled to indemnification and/or advancement of legal expenses by SVBFG with respect to the claims asserted in the Action and the Defendants also have statutory claims for contribution from SVBFG for claims arising from this Action. The mere existence of this Action and any decision in this Action concerning any Defendant's potential liability affects SVBFG's indemnification, advancement, and/or contribution obligations which, in turn, affects its bankruptcy estate.

19. With respect to DeChellis and Cooper, this Action is "related to" the SVBFG Bankruptcy Case because both DeChellis and Cooper have claims against SVBFG for indemnification and advancement in connection with the Action pursuant to Article V, Sections 1 and 3 of Boston Private's Amended and Restated Bylaws, adopted as of January 18, 2017 (attached hereto as Exhibit 4); Section 6.3 of Boston Private's Articles of Incorporation, as amended as of April 26, 2012 (attached hereto as Exhibit 5); Sections 6.6(a) and 6.6(c) of the Merger Agreement, dated January 2, 2021, between SVBFG and Boston Private (attached hereto as Exhibit 6); and/or Article VIII Section 1, 4, and 8 of SVBFG's Amended and Restated Bylaws, dated February 19, 2019 (attached hereto as Exhibit 7). *See also* 8 Del. Code § 145 (statutory indemnification and advancement). On March 15, 2024, DeChellis and Cooper each submitted a motion for leave to file a proof of claim in the SVBFG Bankruptcy Case on account of, among

other things, SVBFG's indemnification and advancement obligations to them.[2]

20. With respect to Morgan Stanley, this Action is "related to" the SVBFG Bankruptcy Case because Morgan Stanley has claims against SVBFG for indemnification pursuant to the financial advisory engagement letter, dated December 31, 2020, by and among Boston Private and Morgan Stanley, which incorporated the parties' Indemnification Agreement dated September 30, 2020 (together, the "Agreement").  A copy of the Agreement is attached hereto as Exhibit 10.  Pursuant to Section 2.01 of the Merger Agreement, SVBFG agreed that the "Surviving Bank shall be responsible for all of the liabilities of every kind and description of each of the merging banks existing as of the Effective Time, including all deposits, accounts, debts, obligations and contracts thereof . . . ."  On March 15, 2024, Morgan Stanley submitted a motion for leave to file a proof of claim in the SVBFG Bankruptcy Case on account of, among other things, SVBFG's indemnification obligations to Morgan Stanley pursuant to the Agreement.  A copy of the motion to for leave to file a proof of claim in the SVBFG bankruptcy case, filed by Morgan Stanley, is attached hereto as Exhibit 11.

21. Numerous courts in the Ninth Circuit have held that an action is "related to" a bankruptcy case where there is an indemnification agreement between the defendant in the action and a debtor, even if the defendant is not guaranteed indemnification and its claim for indemnification is contingent.  *See Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL 22025158, at *1-2 (C.D. Cal. Jun. 30, 2023) (finding claims by purchasers of WorldCom bonds against underwriters and/or auditors of WorldCom's public offerings were within "related to" jurisdiction because defendants had written indemnification agreements with WorldCom for liabilities arising from false or misleading statements contained in registration statements or prospectus related to bond offerings); *Cobalt Partners, LP v. SunEdison, Inc.*, 2016 WL 4488181, at *4 (N.D. Cal. Aug. 26, 2016) ("This order concludes that "related to" jurisdiction exists "on the basis" of written indemnification rights); *Luther v. Countrywide Fin. Corp.*, 2012 WL 12888836, at *4 (C.D. Cal. Sept. 4, 2012) ("This Court has jurisdiction regardless of the present validity of

---

[2] Attached hereto as Exhibits 8 and 9 are copies of the motions to for leave to file proofs of claim in the SVBFG bankruptcy case, filed by, respectively, DeChellis and Coooper.

the claims in the bankruptcy proceedings. The 'conceivable effect' test in the Ninth Circuit is very broad, and federal courts have jurisdiction even if the defendant is not guaranteed indemnification.") (internal quotation marks omitted); *see also In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2011 WL 4712177, at *2 (W.D. Wash. Oct. 6, 2011).[3]

22. This Action is also "related to" the SVBFG Bankruptcy Case because Defendants have claims against SVBFG for statutory contribution for Plaintiff's claims arising under Section 11 of the Securities Act of 1933. Section 11(f) (codified at 15 U.S.C. § 77k(f)) provides that "every person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation." *AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 490 n.7 (9th Cir. 2015) (quoting 15 U.S.C. § 77k(f)(1)). Courts have repeatedly held that such statutory contribution claims confer "related to" bankruptcy jurisdiction. *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 320 (S.D.N.Y. 2003) (finding that State court action was "related to" bankruptcy case "[b]ecause the effect of contribution claims [pursuant to 15 U.S.C. § 77k(f)(1)] on the bankruptcy estate is at the very least "conceivable"). *See* Ex. 8 ¶ 10; Ex. 9 ¶ 7; Ex. 11 ¶ 2.[4]

23. Similarly, this Action is "related to" the SVBFG Bankruptcy Case because

---

[3] *See also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010) ("related to" bankruptcy jurisdiction existed based on indemnity provisions in mortgage loan purchase agreements between Countrywide Home Loans, Inc. and debtor American Home Mortgage Corporation); *Dexia Holdings, Inc. v. Countrywide Fin. Corp.*, 2011 WL 13130899, at *1 (C.D. Cal. Nov. 8, 2011) (same); *Fed. Housing Fin. Agency v. Countrywide Fin. Corp.*, No. 2:12-cv-01059-MRP (MANx); slip op. at 1 (C.D. Cal. Apr. 5, 2012) ("As in *Stichting*, the filing of this lawsuit triggered indemnification rights that will impact the bankruptcy estates. The Court finds that bankruptcy related-to jurisdiction is appropriate."); *Lone Star*, 594 F.3d at 386-87 ("related to" bankruptcy jurisdiction existed where third-party debtor agreed to indemnify MBS seller "in a variety of circumstances, including any breach of a representation about the mortgages . . . and any claims made against [the seller] by third parties").

[4] Assuming, *arguendo*, that it is necessary for Defendants to show a "close nexus to a federal bankruptcy proceeding" (and it is not), this case would still be related to the SVBFG Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b) because Defendants' claims against SVBFG could directly affect the amounts available for distribution to creditors in SVBFG's bankruptcy proceedings. *See, e.g.*, *Stichting Pensioenfonds ABP*, 447 B.R. at 310-11; *Allstate Ins. Co. v. ACE Sec. Corp.*, 2011 WL 3628852, at *4-6 (S.D.N.Y. Aug. 17, 2011).

Defendants have an implied right of contribution against SVBFG for Plaintiff's claims arising under Section 12 of the Securities Act of 1933.  *See In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*, 682 F. Supp. 1073, 1092 (C.D. Cal. 1987) ("[c]ourts have recognized implied rights of contribution under [ ] § 12(2)) (internal citations and quotations omitted); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1383 (N.D. Cal. 1980) ("[A] party is permitted to receive contribution, even if found to have violated s 10(b), Rule 10b-5, s 17(a), and s 12(2). . . .  Accordingly, contribution is permitted under federal law.") (internal citations and quotations omitted).  *See* Ex. 8 ¶ 10; Ex. 9 ¶ 7; Ex. 11 ¶ 2.

24.  In sum, this Action is "related to" the SVBFG Bankruptcy Case because "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Vacation Vill., Inc. v. Clark Cnty., Nev.*, 497 F.3d 902, 911 (9th Cir. 2007) (internal citation omitted).  "[I]f the outcome of [this Action] could alter [SVBFG's] rights, liabilities, options, or freedom of action" or "in any way impact[] upon the handling and administration of the bankruptcy estate," that is sufficient to render it "related to" the SVBFG Bankruptcy Case. *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013) (internal citations and quotations omitted).  In this Action, findings of fact or judgments in favor of or against any Defendant could impact SVBFG's own rights and liabilities with respect to the Action.  Moreover, as explained above, assets of the bankruptcy estate may potentially be called upon to satisfy SVBFG's indemnity, advancement, and/or contribution obligations to Defendants in connection with the claims in the Action.  Any decision in the Action affecting Defendants' rights to indemnity, advancement, or contribution may also impact the allocation of the bankruptcy estate's assets among SVBFG's creditors.  So too would any findings of fact or decisions in the Action that could support claims for indemnity, advancement, or contribution in favor of or against SVBFG.

### SECTION 22(a) OF THE 1933 ACT DOES NOT BAR REMOVAL

25.  Plaintiff's assertion of claims under the Securities Act of 1933 does not render this Action non-removable under the "removal bar" provision of Section 22(a) of the 1933 Act, 15 U.S.C. § 77v ("Section 22(a)").  Section 22(a) precludes the removal of actions under the general removal statute, 28 U.S.C. § 1441(a), but "does not prevent removal based on other grounds."

*Pac. Life Ins. Co.*, 2003 WL 22025158, at *2.

26. Plaintiff's claims are removable under 28 U.S.C. § 1452 notwithstanding the removal bar of Section 22(a). *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 108 (2d Cir. 2004) ("[G]enerally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal jurisdiction over claims that are related to a bankruptcy case."); *accord Cobalt*, 2016 WL 4488181, at *5-6 (Section 1452(a) "trumps Section 22(a)'s removal bar"); *Luther*, 2012 WL 12888836, at *2 (same); *Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610, 613-615 (C.D. Cal. Sept. 9, 2003) (same).

## RELATED CASES

27. This Action is related to eight civil actions currently pending in the U.S. District Court for the Northern District of California:

   a) *Vanipenta v. SVB Financial Group et al.*, Case No. 3:23-cv-01097-JD (filed Mar. 13, 2023);

   b) *Snook v. SVB Financial Group, et al.*, Case No. 3:23-cv-01173-JD (filed Mar. 15, 2023);

   c) *Siddiqui v. Becker, et al.*, Case No. 3:23-cv-01228-JD (filed Mar. 17, 2023);

   d) *City of Hialeah Employees' Retirement System, et al. v. Becker, et al.*, Case No. 3:23-cv-01697-AMO (filed Apr. 7, 2023);

   e) *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et al.*, Case No. 3:23-cv-01962-TLT (filed Apr. 24, 2023);

   f) *Stevenson et al. v. Becker et al.*, Case No. 3:23-cv-02277 (filed May 10, 2023);

   g) *Rossi v. Becker, et al.*, Case No. 3:23-cv-2335 (filed May 12, 2023); and

   h) *TIAA v. Becker, et al.*, Case No. 3:24-cv-00478 (filed Jan. 25, 2024).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

28. Defendants state that the claims asserted against them are non-core within the meaning of 28 U.S.C. § 157(b)(2). As required by Rule 9027(a)(1), Defendants state that they do not consent to entry of final order of judgment by any bankruptcy judge.

29. As required by 28 U.S.C. § 1446(a) and Rule 9027(a)(1), copies of all process, pleadings, and orders in the state court proceedings are attached hereto as Exhibits 2 and 3.

30. Pursuant to 28 U.S.C. § 1446(d) and Rule 9027(b), written notice of the filing of this Notice of Removal and a copy thereof will be given to all parties.

31. Consent to removal is not required under the bankruptcy removal statute. *See* 28 U.S.C. § 1452(a). Nonetheless, all defendants named and/or served in this Action consent to the removal of this Action.

32. Defendants sign this Notice of Removal under Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

33. Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement" of the grounds for removal. Fed. R. Bankr. P. 9027(a).

34. Defendants expressly reserve, and do not intend to waive through this filing and/or any related filings, any and all defenses, objections, rights, claims, causes of action, counterclaims, cross-claims, third-party claims, setoffs, or recoupments, whether in this Court or elsewhere, whether currently existing or arising in the future.

## CONCLUSION

35. This Court has original jurisdiction over this Action under 28 U.S.C. § 1334(b), and this Action is removable under 28 U.S.C. § 1452(a).

Dated: March 18, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SHEARMAN & STERLING LLP

　　　　　　　　　　　　　　　　　　　　By:　*/s/ Daniel H.R. Laguardia*

　　　　　　　　　　　　　　　　　　　　Daniel H.R. Laguardia (SBN 314654)
　　　　　　　　　　　　　　　　　　　　140 New Montgomery Street, 10th Floor
　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94105-2997
　　　　　　　　　　　　　　　　　　　　Tel.:　415.616.1100
　　　　　　　　　　　　　　　　　　　　Fax:　415.616.1199
　　　　　　　　　　　　　　　　　　　　Email:　daniel.laguardia@shearman.com

|   |   |
|---|---|
| 1 | Adam Hakki (*pro hac vice* forthcoming) |
| 2 | Daniel Lewis (*pro hac vice* forthcoming) |
|   | Joshua Ebersole (*pro hac vice* forthcoming) |
| 3 | 599 Lexington Avenue |
|   | New York, NY 10022 |
| 4 | Tel.:   212.848.4000 |
|   | Fax:   212.848.7179 |
| 5 | Email: adam.hakki@shearman.com |
|   |        daniel.lewis@shearman.com |
| 6 |        joshua.ebersole@sheaman.com |

*Attorneys for Defendant Morgan Stanley & Co. LLC*

BRAUN HAGEY & BORDEN LLP

By:    */s/ Ellen Leonida*

Ellen Leonida (SBN 184194)
Ronald J. Fisher (SBN 298660)
Andre Fontana (SBN 324801)
351 California Street, 10th Floor
San Francisco, California  94104
Tel.:   415.599.0210
Email: leonida@braunhagey.com
       fisher@braunhagey.com
       fontana@braunhagey.com

Jason C. Rubinstein (*pro hac vice* forthcoming)
Michael S. Palmieri (*pro hac vice* forthcoming)
Dania Bardavid (*pro hac vice* forthcoming)
FRIEDMAN KAPLAN SEIILER
   ADELMAN & ROBBINS LLP
7 Times Square
New York, New York 10036
Tel:    212.833.1100
Email: jrubinstein@fklaw.com
       mpalmieri@fklaw.com
       dbardavid@fklaw.com

*Attorneys for Defendant
Anthony DeChellis*

10
DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

GOODWIN PROCTER LLP

By: */s/ Jonathan Acker Shapiro*
Jonathan Acker Shapiro (SBN 257199)
3 Embarcadero Center
San Francisco, CA 94111
Tel.: 415.733.6202
Fax: 415.276.3064
Email: JShapiro@goodwinlaw.com

Nicole L. Chessari (SBN 259970)
601 Marshall Street
Redwood City, CA 94063
Tel.: 650.752.3100
Fax: 650.853.1038
Email: NChessari@goodwinlaw.com

Robert Tiefenbrun (SBN 310975)
601 South Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax: 213.623.1673
Email: RTiefenbrun@goodwinlaw.com

*Attorneys for Defendant Christopher Cooper*

## CERTIFICATE OF SERVICE

I, Phillip C. Johnson, am a resident of San Francisco, California; I am over the age of eighteen years and not a party to the within entitled action. This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel, via certified mail, return receipt requested, as set forth below, on this day, March 18, 2024:

David W. Hall (SBN 274921)
dhall@hedinhall.com
Armen Zohrabian (SBN 230492)
azohrabian@hedinhall.com
HEDIN HALL LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sean Greene (SBN 328718)
sgreene@girardsharp.com
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Brian Schall (SBN 290685)
brian@schallfirm.com
Rina Restaino (SBN 285415)
rina@schallfirm.com
THE SCHALL LAW FIRM
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Tel: (310) 301-3335
Fax: (310) 388-0192

I declare under penalty of perjury that the above is true and correct.

_____
Phillip C. Johnson